**Richard Francis DOWNIE, Petitioner-Appellant,**

v.

**John C. BURKE, Respondent-Appellee.**

**No. 16974.**

United States Court of Appeals
Seventh Circuit.

March 6, 1969.

Certiorari Denied June 2, 1969.
See 89 S.Ct. 2011.

John H. Wessel, Milwaukee, Wis., Richard Francis Downie, for appellant.

Bronson C. LaFollette, Atty. Gen., William A. Platz, Sverre O. Tinglum, Madison, Wis., for appellee.

Before HASTINGS, Senior Circuit Judge, and SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

This is an appeal by petitioner Richard Francis Downie from an order of the federal district court denying his petition for a writ of habeas corpus, without a hearing. Petitioner is presently confined in the Wisconsin State Prison at Waupun, Wisconsin by virtue of sentences imposed by a state court following a jury verdict finding him guilty of two charges of violating state statutes proscribing indecent behavior with a child. He was represented by court appointed counsel.

In his federal habeas petition he alleged, *inter alia*, that he was denied a fair trial before a jury in the state court. This is based on his allegation that the state prosecuting attorney, in his final summation to the jury, referred to petitioner as a "big ape" and a "gorilla." He charges that such remarks were so inflammatory that he was denied due process of law under the fifth amendment and the right to a trial by an impartial jury under the sixth amendment, each as implemented by the fourteenth amendment of the Federal Constitution.

It appears from the record before us that the Wisconsin Supreme Court, in an unpublished per curiam opinion on September 13, 1967, denied a state habeas petition founded on the same allegation. In denying the petition, the court stated that: "* * * These [closing] remarks, if made as alleged, were improper. * * * The improper remarks, if made, could not be of such magnitude so as to amount to prejudicial error." Downie v. Burke, No. 67/61 at page 3.

It further appears that the district court, in the instant proceeding, ordered transcripts of the state court proceedings transcribed and filed. Such transcripts did not at that time record arguments to the jury and thus did not contain the allegedly prejudicial remarks. The district court found that the transcripts disclosed beyond a reasonable doubt that petitioner received a fair trial, citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). It further found and held, in agreement with the views of the Wisconsin Supreme Court, that even if the alleged remarks were in fact made, they could not have affected the overall fairness of the trial, and thereupon ordered the petition denied, without a hearing.

Petitioner appealed. We appointed John H. Wessell, Esquire, a reputable

member of the Milwaukee Bar, to represent petitioner on this appeal.

Respondent Burke, Warden, with commendable candor, makes the following concession on this appeal:

"In the absence of a transcript of the arguments of counsel at petitioner's trial, and for the purposes of this appeal, respondent has elected to accept as true petitioner's allegation that the prosecutor referred to him in argument as a "big ape" and a "gorilla." It is also conceded that such epithets, although unlikely to convince the jury of the existence of facts not in evidence, are not proper argument. Concededly improper * * * they constitute error."

Respondent contends, as the Wisconsin Supreme Court and the district court each determined, that the issue is not whether the statements of the prosecuting attorney deprived petitioner of a trial by jury, but whether his conviction resulted from an unfair trial and thereby deprived him of his Federal constitutional rights. Sampsell v. People of State of California, 9 Cir., 191 F.2d 721, 725 (1951), *cert. denied*, 342 U.S. 929, 72 S.Ct. 369, 96 L.Ed. 692 (1952); Chavez v. Dickson, 9 Cir., 280 F.2d 727, 735 (1960), *cert. denied*, 364 U.S. 934, 81 S.Ct. 379, 5 L.Ed.2d 366 (1961). Petitioner's reliance on Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L. Ed. 1314 (1935) is misplaced. Under the facts, *Berger* is readily distinguishable.

We agree with the federal district court and the Wisconsin Supreme Court that the error was slight and could not have affected the overall fairness of the trial and did not attain constitutional proportions. Eaton v. United States, 5 Cir., 398 F.2d 485, 486 (1968), *cert. denied*, 393 U.S. 937, 89 S.Ct. 299, 21 L. Ed.2d 273; Poulson v. Turner, 10 Cir., 359 F.2d 588, 591 (1966), *cert. denied*, 385 U.S. 905, 87 S.Ct. 219, 17 L.Ed.2d 136; United States ex rel. Castillo v. Fay, 2 Cir., 350 F.2d 400, 401 (1965), *cert. denied*, 382 U.S. 1019, 86 S.Ct. 637, 15 L.Ed.2d 533 (1966).

This case was set for oral argument to be heard on January 30, 1969. Court appointed counsel for petitioner requested a postponement because of his illness. After reviewing the issues presented and because of our docket congestion, we ordered the case submitted on the record and briefs, without oral argument, over the objection of petitioner's counsel. We appreciate the excellent service rendered by Mr. Wessell in this appeal.

This court, having reviewed the record and the briefs and being duly advised in the premises, finds that the judgment order from which this appeal was taken should be and the same is now affirmed.

Affirmed.