**Daniel J. ADAMS, Petitioner,**

v.

**Walter T. STONE, Respondent.**

**No. C–74–0490–CBR.**

United States District Court, N. D. California.

June 11, 1974.

Daniel J. Adams in pro per.

Evelle J. Younger, Atty. Gen., Jack R. Winkler, Edward P. O'Brien, W. Eric Collins, Deputy Attys. Gen., San Francisco, Cal., for respondent.

## ORDER OF SERVICE OF PROCESS, ORDER TO FILE RETURN, AND ORDER OF DISMISSAL OF CLAIM

RENFREW, District Judge.

Petitioner, in state custody at the Correctional Training Facility North, Soledad, California, has filed a petition for a writ of habeas corpus on the basis of two claims: (1) that the failure of arresting officers to give petitioner a blood test was a knowing suppression of evidence and, as such, a denial of due process; and (2) that prosecutorial misconduct during his trial was also a denial of due process.

Petitioner alleges that he was convicted of voluntary manslaughter under Cal. Penal Code § 192, subd. 1. He alleges that he appealed to the state court of appeal, which affirmed his conviction. The California Supreme Court denied him a hearing. Petitioner's petition for a writ of certiorari from the United States Supreme Court was denied. Adams v. California, 415 U.S. 950, 94 S.Ct. 1473, 39 L.Ed.2d 566 (1974). Petitioner has adequately alleged exhaustion of state remedies.

### I. *Suppression of Evidence*

Petitioner alleges that when he was arrested and booked for first degree murder the arresting officers failed to give him a blood or sobriety test. He contends that he requested the test. He also claims that such tests were given as standard procedure in cases such as his. He also contends that they knowingly suppressed this evidence by not making the test.

Petitioner argues that evidence of the amount of alcohol in his blood was relevant to his defenses of self-defense and diminished capacity. He contends that the failure of the police to take such tests falls within the rule of Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–1197, 10 L.Ed.2d 215, 218 (1963): "[T]he suppression by the prosecution of evidence favorable to an accused upon

request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *See also* Giles v. Maryland, 386 U.S. 66, 100–102, 87 S.Ct. 793, 810–11, 17 L.Ed. 2d 737, 759–761 (1967) (Fortas, J., concurring in the judgment).

The Court of Appeals for this Circuit confronted a similar claim in Peoples v. Hocker, 423 F.2d 960, 964 (9th Cir. 1970). There the accused, convicted of first-degree murder, alleged that the police failed to make tests which would have helped determine whether the victim had shot herself. There, however, the court found nothing in the record which even indicated that the tests had not been made, nor was there anything which would tend to show that the failure to make the tests had been the result of "urging" or "pressure" by the prosecution. Petitioner's allegations, if true, would present a very different record than that in *Peoples*. Here the claim is that the police failed to follow standard procedure, despite petitioner's request for the test, in an intentional effort to suppress evidence which would be favorable to him.

■ Courts clearly do not have the competence to review police investigations to determine whether they were satisfactory or not. But even if that could be done, "[i]t would be an exceedingly delicate task to endeavor to establish criteria to tell when a certain quantum of police investigation constitutes due process and when it does not." Peoples v. Hocker, *supra*, 423 F.2d at 964. *Cf*. Moore v. Illinois, 408 U.S. 786, 795, 92 S.Ct. 2562, 2567, 33 L.Ed.2d 706, 713 (1972). But petitioner's claim merits further consideration. The line between intentional suppression of evidence or the failure to preserve evidence and the intentional failure to make standard tests would not seem to be a substantial one. *Cf*. United States v. Bryant, 142 U.S.

App.D.C. 132, 439 F.2d 642, 651–652 (1971).[1]

■■ The relevance of this allegedly suppressed evidence to petitioner's self-defense contention seems tenuous. As to the defense of diminished capacity, if petitioner became intoxicated voluntarily, then a successful defense of diminished capacity due to voluntary intoxication could only have reduced murder to voluntary manslaughter. People v. Roy, 18 Cal.App.3d 537, 546, 95 Cal.Rptr. 884, 889 (1971), cert. denied, 405 U.S. 976, 92 S.Ct. 1202, 31 L.Ed.2d 251 (1971). If he had been intoxicated to the extent of being unconscious, then his liability could have been reduced to involuntary manslaughter. People v. Roy, *supra*. But the statutory penalties for voluntary and involuntary manslaughter are identical. Cal. Penal Code § 193. Whether petitioner would have received the same sentence for involuntary manslaughter cannot now be determined. If he is correct in claiming a violation of his right to due process, the absence of prejudice resulting from that violation would have to be established beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, 709 (1967).

Respondent will be ordered to show cause why a writ of habeas corpus should not be granted on the basis of this claim.

## II. *Prosecutorial Misconduct*

Petitioner alleges that during his trial the prosecutor continually referred to the victim of the crime charged against him as an "old man" despite the defense's objections and the court's admonitions. Petitioner seems to feel that this tended to characterize the crime as an especially brutal one. Petitioner alleges that the prosecutor also referred to him as an "angry young animal." In addition, petitioner claims that the prosecutor introduced evidence relating to

---

[1]. Indeed the language of the Court in Peoples v. Hocker, *supra*, seems open to the interpretation that, conceivably, a police investigation may be "so poor as to amount to a deprivation of due process." 423 F.2d at 964.

petitioner's prior criminal record and his previous psychiatric examinations, areas which had been foreclosed from investigation at trial by the trial court.

 When a petitioner raises a diffuse contention of prejudicial prosecutorial misconduct, he carries a very heavy burden, heavier than one who can point to a denial of a well-defined, specific procedural right. He must show that the misconduct is "so outrageous and so prejudicial as clearly to constitute a denial of due process." United States ex rel. Kirk v. Petrelli, 331 F. Supp. 792, 794–95 (N.D.Ill. 1971). *See also* Donnelly v. De Christoforo, 416 U. S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), Slip Opinion at pp. 5–6. The allegation that the prosecutor referred to petitioner as an "angry young animal", if true, would not amount to "essential unfairness" requiring a new trial. *See* United States ex rel. Haynes v. McKendrick, 350 F.Supp. 990, 997 (S.D. N.Y. 1972), aff'd, 481 F.2d 152, n. 6 (2nd Cir. 1973); Downie v. Burke, 408 F.2d 343, 344 (7th Cir. 1969), cert. denied, 395 U.S. 940, 89 S.Ct. 2011, 23 L.Ed.2d 457 (1969).

Nor would the prosecutor's references to the victim as an "old man" have any substantial chance to have caused such prejudice to petitioner that he would not have been given a fair trial. See United States ex rel. Castillo v. Fay, 350 F.2d 400, 401–402 (2nd Cir. 1965), cert. denied, 382 U.S. 1019, 86 S.Ct. 637, 15 L. Ed.2d 533 (1966). *Cf.* Moore v. Illinois, 408 U.S. 786, 798–800 and n. 9, 92 S.Ct. 2562, 2569–70, 33 L.Ed.2d 706, 715–16 (1972).

Finally, petitioner's general comments on the prosecution's introduction of evidence touching upon his criminal and psychiatric background do not point to a situation requiring federal relief. *Compare* Bruce v. Estelle, 483 F.2d 1031, 1039–1040 (5th Cir. 1973). The state courts have ruled upon petitioner's claims and affirmed his conviction. The Court sees no basis for a finding of denial of federal due process rights in pe-

titioner's allegations of prosecutorial misconduct. Therefore, this claim will be dismissed as frivolous under 28 U.S. C. § 1915(d).

It is hereby ordered that service of petitioner's petition for a writ of habeas corpus and of this order be made upon respondent by the United States Marshal without a requirement of prepayment of fees, costs, or security therefor, under 28 U.S.C. § 1915(a), on the basis of petitioner's claim of suppression of evidence.

It is hereby further ordered that respondent file a return within three (3) days after receiving the petition and this order as provided by Rule 81(a)(2), Federal Rules of Civil Procedure.

It is hereby further ordered that petitioner's second claim relating to prosecutorial misconduct is dismissed as frivolous under 28 U.S.C. § 1915(d).