Evelyn F. MOSHER, Petitioner,

v.

Eileen HOSKING, Warden, et al., Respondents.

Civ. A. No. 3:89–0090.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 10, 1989.
On Motion to Dismiss March 20, 1989.

Evelyn F. Mosher, Nashville, Tenn., pro se.

Jerry Smith, Charles E. Bush, Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, sitting by Designation and Assignment.

The petitioner Ms. Evelyn Mosher applied *pro se* for the federal writ of habeas corpus, claiming that she is in the custody of the respondent-warden pursuant to a judgment of her conviction [1] on an unspecified date by the Criminal Court of Tennessee for its 11th judicial district (comprising Hamilton County) in violation of the Constitution, Fourth Amendment, Right Against Unreasonable Searches and Seizures Clause; and Sixth Amendment, Right to an Impartial Jury and Right to the Assistance of Counsel Clauses. 28 U.S.C. § 2241(c)(3), 2254(a). She alleges that she exhausted the remedies available to her through the corrective processes of the state of Tennessee, by having presented fairly her claims herein to its Supreme Court on direct appeal from her judgment of conviction. 28 U.S.C. § 2254(b).

■ Ms. Mosher claims herein that she was denied her federal right to the assistance of counsel.[2] In support of such claim she states:

---

1. The petitioner states that she was sentenced under such judgment on October 2, 1986.

2. "In all criminal prosecutions, the accused shall * * * have the Assistance of Counsel for his defense." Constitution, Sixth Amendment, *supra*.

The defendant's attorney [Leroy Phillips, Esq.] entered into an agreement with the investigative law officials that none of them would seek statements without Mr. Phillip's permission. The agreement was honored by all parties for more than two years, however, a Federal parole violator who was being held in another state on unrelated charges offered to help supply the information to convict Evelyn Mosher. The District Attorney agreed to an arrangement, and, without benefit of a warrant or the permission he had agreed to get from Ms. Mosher's attorney, recorded statement[s] from the telephone to incriminate Ms. Mosher.

"To prevail on an ineffective assistance of counsel theory, a habeas petitioner must establish: (1) that h[er] attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and (2) that [s]he was prejudiced by h[er] attorney's ineffectivenesses." *Hill v. Lockhart*, 731 F.2d 568, 572[3] (8th Cir. 1984), *aff'd.*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Even if Ms. Mosher's aforestated factual allegations are true, they do not relate to the competency of her trial-counsel; nor do they provide a basis upon which this Court could find that she was not represented "by 'counsel reasonably likely to render and [who] rendered effective assistance.'" *Jones v. Estelle*, 622 F.2d 124, 127[4] (5th Cir.1980); *cert. den.*, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed. 2d 295 (1980).

Therefore, such claim does not state a ground upon which the relief sought herein may be granted.

■ Ms. Mosher alleges also that she was deprived of her federal right against self-incrimination[3] when, in her trial, the prosecution played an electronic-recording of her conversation with certain police-officers wherein she was "tricked" into making certain statements which were damaging to her defense; she claims that such conversation apparently took place when undercover officers approached her "requesting assistance in obtaining someone to hire for the purpose of murder."

Such conversation, thus, is not claimed to have taken place while Ms. Mosher was in custody, and it was not in the nature of a testimonial communication. "[T]he Fifth Amendment does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is compelled to make a *testimonial* communication that is incriminating." *Fisher v. United States*, 425 U.S. 391, 408, 96 S.Ct. 1569, 1579[12], 48 L.Ed.2d 39 (1976). As the pertinent recorded conversation was not testimonial in nature, the use of it at Ms. Mosher's trial did not violate her federal right not to incriminate herself.

Whether such conversation may have resulted in the violation of another constitutionally-protected right is not subject to speculation by this Court. This claim, as stated, does not provide a basis upon which the relief sought herein may be granted.

■ Ms. Mosher contends further that her federal right to an impartial jury[4] was infringed, apparently because the prosecuting attorney made an inflammatory remark to the jury to the effect that Ms. Mosher thought she was above the law. Assuming such a remark was made to the jury, even if this Court found such a remark constituted error on the part of the prosecuting attorney, "such error was slight and could not have affected the overall fairness of the trial and did not attain constitutional proportions." *Cf. Downie v. Burke*, 408 F.2d 343, 344 (7th Cir.1969), *cert. den.*, 395 U.S. 940, 89 S.Ct. 2011, 23 L.Ed.2d 457 (1969). This claim, likewise, does not state a basis upon which relief may be granted herein.

---

**3.** "No person shall * * * be compelled in any criminal case to be a witness against himself * * *." Constitution, Fifth Amendment, *supra*.

**4.** "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *." Constitution, Sixth Amendment, *supra*.

■ Ms. Mosher claims additionally that her federal constitutional right against unreasonable search and seizure, Constitution, Fourth Amendment, *supra*, was violated, when investigating officers placed a monitoring device on her telephone without obtaining first a search-warrant,[5] and that evidence resulting from such monitoring was introduced against her will at her trial. " '[C]onversation' [i]s within the Fourth Amendment protections, and * * * the use of electronic devices to capture it [i]s a 'search' within the meaning of the amendment * * *." *Berger v. State of New York*, 388 U.S. 41, 51, 87 S.Ct. 1873, 1879[1], 18 L.Ed.2d 1040 (1967).

■ Although, "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at h[er] trial," *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046[3], 49 L.Ed.2d 1067 (1976), the Court is unable to find, based upon the scant record now before it, that Ms. Mosher received such an opportunity for a full and fair litigation of her claim. Therefore, the Court is unable to find, at this point, that the petitioner is not entitled to relief in this Court based upon such claim, Rule 4, Rules —§ 2254 Cases. Accordingly, it hereby is

ORDERED that the respondent-warden file an answer to such remaining claim in accordance with Rule 5, Rules—§ 2254 Cases, within 23 days herefrom, and that a copy of the petition herein and of this order be served forthwith by the clerk of this Court by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee. Rule 4, Rules —§ 2254 Cases.

Should it be the respondent's contention that the petitioner has not exhausted the remedies available to her through the cor-rective processes of the state of Tennessee, she may limit her answer to such issue, in which event the Court will consider first the exhaustion-matter to allow thereafter the respondent additional time in which to file a supplemental answer, addressing the merits of the petitioner's remaining claim, as may be indicated.

### ON MOTION TO DISMISS

The respondent answered, see order herein of February 10, 1989, and moved this Court to dismiss the petition herein in that it fails to state a claim upon which relief may be granted. Rule 12(b)(6), F.R. Civ.P. Such motion is meritorious.

■ A review of the record herein, as expanded, reveals that the state of Tennessee provided Ms. Mosher with the opportunity for full and fair litigation of the issue she raised under the Constitution, Fourth Amendment, by way of a pretrial suppression-hearing. Furthermore, it appears from such record that Ms. Mosher received "meaningful appellate review" of that issue from the Court of Criminal Appeals of Tennessee. *O'Berry v. Wainwright*, 546 F.2d 1204, 1213[3] (5th Cir.1977).

Therefore, the petitioner has not stated a claim upon which the relief sought herein may be granted. *Stone v. Powell*, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976). Accordingly, such motion of the respondent-warden hereby is GRANTED, and the instant application is

DISMISSED. Rule 8(a), Rules—§ 2254 Cases.

Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R. Civ.P., she is authorized to proceed thereon *in forma pauperis*. Rule 24(a), F.R. App.P. Any such notice will be treated also as an application for a certificate of probable-cause. Rule 22(b), F.R.App.P. Because, for the recited reason, the petitioner failed to state a claim upon which

---

5. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirma-tion, and particularly describing the place to be searched, and the persons or things to be seized." Constitution, Fourth Amendment, *supra*.

relief may be granted, such certificate shall NOT issue.