STATE v. BUD MURDOCK.

(Filed 19 April, 1922.)

**1. Trials—Attorney and Client—Improper Remarks—Argument.**

A remark of the solicitor in an argument to the jury upon the trial of the defendant for the illicit manufacture of liquor, as to the appearance of the defendant, who had not become a witness, being typical of a block-ader, is improper, and when not corrected by the judge when called to his attention, is reversible error.

**2. Same—Instructions.**

Where the solicitor has made remarks to the jury, in his argument before them, to the prejudice of the defendant in a criminal action, the judge may either correct them at the time they have been called to his attention, or afterwards in his charge to the jury.

**3. Same—Appeal and Error.**

Where the solicitor has gone outside of the evidence to make preju-dicial remarks about the personal appearance of the prisoner on trial in a criminal action, and the judge, upon having it called to his attention, has stated he would correct it in his charge, his instruction in this case that the jury must confine itself to the evidence and not consider the personal appearance of the prisoner, *is held* sufficient to remove the prejudice, such

matters being left largely in the discretion of the trial judge, and it being for the defendant to offer prayers for instructions more full and explicit should he have so desired.

APPEAL by defendant from *Daniels, J.,* at December Term, 1921, of DURHAM.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Brawley & Gantt for defendant.*

WALKER, J. The defendant was convicted at the December Term, 1921, of the Superior Court of. Durham County, Daniels, J., presiding, of manufacturing liquor, and from the judgment upon such conviction appealed to this Court.

On 23 December, 1920, three officers of Durham County, Belvin, Morgan, and Hall, went into Patterson Township in Durham County and discovered three men manufacturing liquor at a still. The officers went in forty yards of the still, and observed the men for about twenty minutes. All of them recognized the defendant Murdock as one of the operators of the still. The defendant attempted to prove an alibi by two witnesses named Lowe, who were relatives.

One of the alleged errors was a remark made by the solicitor as he was closing his address to the jury, which was as follows: "I do not know when I have seen a more typical blockader. Look at him, his red nose, his red face, his red hair and moustache. They are the sure signs. He has the ear-marks of a blockader." The judge was occupied at the time and did not notice the remark, but the matter having been called to his attention, he stated that he would cure it in his charge, and the record further states as follows: "The judge, in compliance with his intimation to counsel for the defendant and the solicitor, and for the purpose of complying with the objection or exception of defendant's counsel, and removing from the minds of the jury any unfavorable impression which may have been made by the comments of the solicitor, upon the personal appearance of the defendant, charged the jury as follows: The defendant did not go upon the stand to testify in the case. "A statute passed by the Legislature, I think in 1879, gives the defendant the right to testify in his own behalf, in a criminal case. Before that time he had no such right, but that same statute provides that if he does not avail himself of this privilege, the jury is not to consider his failure to testify in any manner to his detriment. Nor are they to consider the physical appearance of the defendant in court, nor any personal peculiarities of him observed by them. You are to pass on the case purely upon the evidence of the witnesses."

The comment of the solicitor upon the personal appearance and characteristics of the defendant was clearly improper, if not a serious breach of his privilege in discussing the case before the jury, but the judge attempted to correct, and, we think, he did correct any wrong or injurious impressions made upon the jury, or we must take it that he did, as abuses of this sort, we have said in many cases, must be left largely to his sound discretion as to the method or manner he will adopt in protecting the rights of the defendant. We held in *S. v. Davenport,* 156 N. C.; 596, at 597: "Improper remarks made by counsel to the jury are not reversible error when it appears that the court has instructed the jury not to consider them, but to confine themselves in their consideration to the facts bearing upon the issues; and exception to the instructions not being more specific or full, must be taken by way of prayers for special instruction thereon. The trial judges are cautioned to immediately and fully correct abuses of this character." See, also, *S. v. Tyson,* 133 N. C., 692. It appears that in *S. v. Davenport, supra,* the remark of the solicitor was quite as unjustifiable, and as prejudicial to the defendant, as the invective of the solicitor in this case, and there it was stated: "In his address to the jury, one of the prosecuting attorneys used this language: 'The jury should find the defendants guilty, as their fines will be paid by the Richmond Cedar Works, a foreign corporation with headquarters in Virginia, a foreign state, where its officers sit back with slippered feet and direct this thing to be done.' The defendants .objected to these remarks at the time they were made, and the judge fully cautioned the jury, not at that time, but in his charge, to disregard them and to confine their inquiry to the single question as to the forcible entry. We think the caution was sufficient, but if not, the defendants should have requested the judge to make it so. This they did not do," citing *Simmons v. Davenport,* 140 N. C.; 407.

The "abuse of privilege" by counsel is not to be regarded as is the language of a judge, which reflects upon a party or a witness. (*S. v. Rogers,* 168 N. C., 112; *Morris v. Kramer,* 182 N. C., 87.) The judge should be permitted, in the former case, to direct the course of the trial, but he should exercise great care to see that no party is improperly subjected to abuse or to unjust criticism; that is, such as is not based upon the evidence. Counsel have no right to state as a fact anything extraneous to the evidence, and which is calculated to unjustly prejudice a party, or to bring him into ridicule or contempt, or to humiliate or degrade him in the minds of the jury and by-standers, but we must leave the remedy for this evil for the judge to apply as in his discretion and good judgment seems to be proper under the circumstances. The judge in this case acted with reasonable promptness, and it was sufficient to defer his reference to the incident until he charged the jury. He told

the jury, and cautioned them, in effect, that they should decide the case solely upon the evidence and be governed only by it. He also cautioned the jury that they should not consider the "physical appearance or personal peculiarities of the defendant observed by them." It must have been evident to the jury that he was directing their attention to the improper comments of the solicitor, and it is stated in the record that he gave this instruction in compliance with his promise to defendant's counsel, and to remove any unfavorable impression which had been made upon the jurors by the comments of the solicitor. He might have said more, under the circumstances, but we cannot hold that he was obliged to do so. He might have been convinced, in the presence of the situation, that what he said was quite sufficient for the protection of the defendant. It must not be understood that we approve at all of what was said by the solicitor, we merely trust to the presiding judge to administer the proper corrective, and to see that no wrong is done. He has the discretion to set aside the verdict, and to order a new trial, if he is satisfied that the verdict was the result of prejudice engendered by the severe language of the solicitor, and we must presume that he did not so conclude, as he took no such action.

This is not like *S. v. Evans, ante,* 758, because there the solicitor referred entirely to evidence of facts not in the case, and when the judge had properly cautioned the jury not to consider what the solicitor had said, the latter repeated his remark, and for this reason we ordered a new trial, while in this case there was no repetition by the solicitor after the judge had cautioned the jury to confine themselves strictly to the evidence and not to be influenced by the personal or physical appearance of the defendant. He was manifestly referring to and attempting to remove any wrong or prejudice caused by the solicitor's remarks, although he may not have expressly mentioned them. He could not have intended his instructions to apply to anything else, because what the solicitor had said was the only reference to the defendant's personal appearance.

The other exception is without any merit, as the judge gave to the jury the proper caution, and one which this Court has repeatedly approved.

There is no reversible error in the case.

No error.