### OLLIE COLE v. THE STATE.

No. 8890. Delivered October 7, 1925.

Rehearing granted June 25, 1926.

**1.—Robbery With Firearms—Bill of Exception—Not Approved—Incomplete.**

To receive the consideration of this court on appeal, a bill of exception must be approved by the trial court, and in the absence of such approval, such bill will not be considered.

**2.—Same—Voluntary Return of Stolen Property—Not Applicable in Robbery Case.**

Where, on a trial for robbery with firearms, there was no error in the refusal of the court to permit a witness to testify that on behalf of appellant he sought one of the injured parties to return to him the money taken from him by appellant. The principle involved in the voluntary return of stolen property has application in certain cases because of the

statute. We are not aware of any cases holding the same principle applicable in robbery cases, and certainly not where the return is made after the robbery has been reported to the officers, and prosecution begun.

### 3.—Same—Election by State—Not Necessary When.

Where an indictment for robbery contains ten counts, one charging the joint robbery of nine persons, and nine others charging in separate counts the robbery of each of the persons, there being but one complete act of robbery and but one transaction, there was no error in the refusal of appellant's motion to compel the state to elect.

### 4.—Same—Evidence—Held Admissible.

Where, on a trial for robbery, appellant seeks to defend on the ground of an effort to return to some of the parties alleged to have been robbed the money taken from them, there was no error in permitting the state to prove that the alleged robbery was reported to the officers by one of the injured parties as soon as he reached the city of Austin, and before any offer or effort was made by appellant to return the money taken.

### 5.—Same—Evidence—Immaterial—Properly. Excluded.

Where, on a trial for robbery, appellant offered to prove that his co-defendant desired a certain party to go to one Davis, who was among the number charged to have been robbed, and to ascertain from him if he had used crooked dice, and if he had not, then to return him his money taken from him. We are unable to see the materiality of this testimony, an dthere was no error in excluding it.

### 6.—Same—Impeaching Accused—Held Proper.

Under an unbroken line of decisions by this court, it is held permissible for the state, where the accused testifies as a witness in his own behalf, to show that he has been indicted for a felony in the same, or another jurisdiction, as affecting his credibility.

### 7.—Same—Evidence—Self-Serving—Properly Excluded.

Where appellant was not permitted to testify that, while in the act of robbing the parties, he winked at some of them, and then to explain what he meant and intended the parties to understand by his wink, no error is shown, such testimony being of a self-serving character.

### 8.—Same—Argument of Counsel—No Error Shown.

Where appellant complains in several bills of exception of the argument of counsel for the state, and in no instance was any request, either oral or written, made for an instruction to the jury regarding the argument, no error is presented, there being nothing in such argument that would demand a reversal of the case.

### 9.—Same—Evidence—Cross-Examination of Defendant—Not Improper.

Where appellant had asked for a continuance on account of the absence of a witness, and on his cross-examination was shown his application for a continuance, and testified to a different state of facts that he expected to prove by said absent witness than those set out in his motion, there

was no error in the district attorney commenting upon and discussing this discrepancy in the testimony in his argument.

**10.—Same—Requested Charges—Issue Not Raised—Properly Refused.**

Where, on a trial for robbery, appellant requested several special charges presenting the issue that the robbery was perpetrated to recover back money lost by him in a dice game, that was played with crooked dice, and such issue was not supported by any evidence on the trial, such special charges were properly refused.

ON REHEARING.

**11.—Same—Evidence—Improperly Excluded.**

Under the decisions in this state, a person who has money taken from him in a dice game by means of fraudulent dice, may recover the possession of his property. The person so taking would be guilty of theft by fraudulent pretext, and under such circumstances in endeavoring to repossess themselves of money stolen from them, they would not be guilty of robbery, though they might be guilty of an unlawful assault. See Gibson v. State, 85 Tex. Crim. Rep. 462.

**12.—Same—Continued.**

While testimony offered by appellant and excluded by the court, of his effort to return money taken from parties in the alleged robbery for the purpose of reducing the penalty of the offense was not admissible for that purpose, such testimony should have been admitted on the issue of appellant's intent in repossessing himself of money which he claimed was lost by him in a dice game, his theory being that such loss was secured by the use of fraudulent dice, and that he only intended to take from the parties the amount of money actually lost by him.

**13.—Same—Argument of Counsel—Held Improper.**

On rehearing we believe that the complaints of appellant to the argument of counsel for the state were properly excepted to and constitute reversible error. An expression of his opinion of the guilt of the accused by the prosecuting attorney, while improper, is not generally regarded as a basis for reversal. In the present case, however, the argument goes farther, and draws a comparison between appellant and another as to the degree of his guilt. For the reasons above set out the order of affirmance is set aside, and the judgment is reversed, and the cause remanded. See Pierson v. State, 18 Tex. Crim. App. 563, and cases collated in Branch's Ann. P. C., Sec. 365.

Appeal from the Criminal District Court of Travis County. Tried below before the Hon. James R. Hamilton, Judge.

Appeal from a conviction for robbery with fire arms, penalty four years in the penitentiary.

The opinion states the case.

*Dickens & Dickens* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Travis County of robbery with firearms, and his punishment fixed at five years in the penitentiary.

These seems no denial in the record of the fact that appellant and a companion, by the display and use of a pistol, held up a group of young men out in the woods on Sunday afternoon and took from them about $95.00 in money. There had been a crap game in progress and appellant and his companion had lost their money. There appears to have been any where from a half dozen to a dozen parties engaged in the game. After losing their money appellant and his companion testified that they were told by another party named Walters, who did not testify, that he had seen a man named Davis use a pair of crooked dice in the game. Davis was one of nine men who were held up by appellant and from each of whom he took various sums of money. There were ten counts in the indictment, one charging robbery of all of the parties collectively, and in each of the other nine counts a separate robbery of the individual person was charged. The conviction was had upon the fifth count which charged appellant with robbery of one Canady. There was no claim on the part of appellant or his companion that Canady used any crooked dice or had any connection with or knowledge of the use of any crooked dice, if any.

The bill of exceptions complaining of the refusal of an application for continuance was not approved by the trial court. The second bill of exceptions is so qualified as to make its complaint of no avail. The third bill presents only appellant's objection to the calling of his case out of its numerical order, and no injury being made to appear, the error, if any, would be harmless.

By several bills complaint is made of the rejection of offered testimony in behalf of appellant that Davis had been seen using crooked dice in a crap game some six months before the alleged robbery, at a different place. The rejection of the testimony presents no error, and no further discussion will be indulged of the various bills presenting this proposition.

Complaint is made that one Comeskey, a witness for appellant, was not allowed to state his purpose and object in going to see Davis in the afternoon of the alleged robbery and after it occurred, it being stated that the witness would testify that his purpose in going to see Davis was to ascertain if he had used crooked dice and if he had not, then to return him the money taken from him by appellant. The principle involved in the voluntary return of stolen property has application in certain cases

because of the statute. We are not aware of any cases holding the same principle applicable in robbery cases. If it has application, and if under any circumstances the witness should have been allowed to testify that he went to find out from Davis if he used croked dice, and if not to return him the money taken from him, this would not be admissible unless it was further shown that such offer was made before the robbery had been reported to the officers or in some way the prosecution begun.

By his ninth bill appellant shows that an effort was made to impeach state witness Duval by a transcript of the question and answer examination of said witness had in the justice court sitting as a court of inquiry. We perceive no error in this matter, which need not be set out at length.

Bill of exceptions No. 10 urges error in the rejection of self-serving declarations of appellant's co-defendant which could not have been introduced in evidence in appellant's behalf.

The complaint of the refusal of a motion to compel the state to elect, presents no error. The robbery of all of the individuals named in separate counts of the indictment, was but one transaction, and evidently said different counts were inserted to meet the phases of the transaction which might develop on the trial. In such cases the state is not required to elect. See authorities collated in Branch's Annotated P. C., p. 233. The objection to certain questions as being leading and suggestive does not seem to us to present any error.

Appellant's defense seeming to rest in part on an effort to return to some of the parties alleged to have been robbed, the money taken from them, it became material to show how soon after the alleged robbery same was reported to the officers by the injured parties, and proof of the fact that same was reported to the officers by one of them as soon as he reached the city of Austin, was permissible.

We see no error in permitting the witness Orval Canady to answer the question as to what kind of money, whether gold, silver or currency was taken from him. We do not think the question objectionable as leading or suggestive; nor are we in accord with the proposition that to ask a witness whether he was afraid or whether he gave up his money because he was willing to do so, presents any serious objection.

We are unable to comprehend the materiality of the offered testimony that appellant's co-defendant desired a certain party to go to the state witness Davis and ascertain from him if he

had used crooked dice, and that if he said he had not, then his money would be returned to him.

Under all of our authorities testimony that the accused is under indictment for a felony in the same or another jurisdiction, is admissible as affecting his credibility when he becomes a witness in his case.

Appellant complains that the court refused to let him testify that during the hold-up he winked at several of the parties who were in line with their hands up. Appellant wished to testify that his intention in winking at them was to give them to understand that he·did not mean any harm to them, and that all he wanted was to get back the money he believed he had been cheated out of in the dice game. To permit him to testify that all this was included in and meant by him in a wink, would appear to be going beyond a fair interpretation of a wink.

There are several bills of exception complaining of the argument of the District Attorney. In no instance was any request, either written or oral, made for an instruction to the jury regarding the matter of the argument. We have carefully considered the things said by the District Attorney and do not deem any of them of reversible character.

The application for continuance, asked in part because of the absence of the witness Walters, was shown to appellant while testifying as a witness and he was asked why he did not set up in the application certain material matters then stated which in his oral testimony he said he could prove by Walters if present. We do not think it a transgression of the rules of argument for the District Attorney to refer in his address to the jury to the fact that the testimony expected of Walters, as stated in the application for continuance, was different from that attributed to said witness by appellant while on the witness stand.

There are a number of complaints of the refusal of special charges, the substance and effect of which was that if appellant only intended to get back money which he believed he had been deprived of by the use of crooked dice, he would not be guilty of any offense. Before the refusal of a special charge could be held by us reversible, it must be made to appear that such charge has support in testimony and presents an issue which, if decided in favor of the appellant, would justify his acquittal. No witness testified to the use of any crooked dice during the game referred to. Appellant and his co-defendant played in the game and neither of them swore that they saw any crooked dice. The other participants in the game who were witnesses testified that they

saw no crooked dice. In giving the greatest weight possible to the testimony of appellant and his co-defendant, that Walters told them after the game that he saw Davis use a pair of crooked dice, it would still seem unnecessary to give the special charges complained of when the unquestioned proof showed that no claim or suspicion was entertained by appellant or his co-defendant that prosecuting witness Canady, from whom appellant took some $45.00 on said occasion, had used or connived at the use of any crooked dice. No offer or attempt to return Canady's money was made, or attempted to be proven. It might further be observed that appellant claimed to have lost $15.00 and a ten dollar gold piece made into a charm, and his co-defendant claimed to have lost $18.00. The amount of money taken by them from the parties at the time was about $95.00. Four of the parties who were present at the time appellant and his companion came back to where the game was in progress, but who seem to have been known to appellant and his companion as not having participated in the game at all, were also held up and money taken from each of them. Under facts such as these we do not deem the refusal of the requested charges any error calling for a reversal of this case.

Finding nothing in the record to justify a reversal of the judgment, an affirmance will be ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The indictment charged robbery in nine counts. The first count charged an assault against nine individuals. The other counts related to the same transaction but was based upon the assault upon separate individuals. The conviction was upon the fifth count, which charged on assault upon Orval Canady and taking from him thirty dollars.

All of the parties named in the indictment, including Ollie Cole and John Pearson, were engaged in a gambling game with dice. Cole and Pearson each suffered some losses. They left and returned within a short time. Upon their return, appellant presented a pistol and commanded that the parties throw up their hands while Pearson caused them to place their money, or a part of it, on the ground where the game was in progress. Pearson took possession of a part of the money and afterwards delivered to the appellant the amount of his loss, namely, twenty-seven dollars.

It was the theory of the appellant and Pearson, both of whom testified, that they had lost their money by means of false pre-

text, namely, the use of fraudulent dice in the game and that their object in making the assault was the recovery of their money and without any intent to wrongfully deprive any of the persons named in the indictment of money which was in their possession and which had not been taken by the means stated from the appellants.

It was the state's theory that the matter of fraudulent dice was false and that the defensive theory was fabricated; that it was the intent of the appellants to commit the offense of robbery by fraudulently depriving the persons named of their money.

In making the assault, the appellant and Pearson were not disguised. They were tried together under a joint indictment. Pearson was acquitted and the appellant was convicted by the same verdict. If their money was taken from them by means of fraudulent dice, as contended by the appellants, the persons so taking it would be guilty of theft by false pretext and the title to the money thus acquired would not pass. Gibson v. State, 85 Tex. Crim. Rep. 462; Gordon v. State, 85 Tex. Crim. Rep. 641. Under such circumstances, in endeavoring to repossess themselves of money stolen from them, they would not be guilty of robbery though they might be guilty of an unlawful assault. See Barton v. State, 227 S. W. 317; Fisher v. State, 277 S. W. 386. These legal principles were in a general way recognized in the trial of the case by the learned judge who presided. [It seems to have been the theory to some extent of both the prosecution and the defense that in robbery the return of the property before the beginning of the prosecution would have the same effect as in theft, namely, to reduce the grade of the offense to a misdemeanor. This is the statutory rule applicable to theft, but in the absence of a statute it is believed that it would not be applicable to robbery. See Art. 1343, Vernon's Tex. Crim. Stat., Vol. 1.]

Testimony touching the efforts or desire to return the property in the present case bears upon a different subject, namely, that of intent. It was the theory of the appellant and his companion, as above stated, that they had no intent to take any money save their own; that by mistake they took an amount exceeding their joint losses. Upon this subject the testimony of both the appellant and Pearson was to the effect that after leaving the scene of the robbery and upon discovering that they had money in excess of the losses sustained by them, they immediately determined and took steps to return the excess. To effect that end, appellant retained his own money amounting to twenty-

seven dollars, including a ten-dollar gold piece which he had worn as a watch charm and which he had lost in the game, according to his testimony, by the fraudulent means stated. He relied upon Pearson to make the distribution of the excess. It was their agreement to return the money to those who were innocent of the use of fraudulent dice. Part of the money was returned and some of the parties, upon inquiry by Pearson, disclaimed any losses or that they had been deprived of any money. Pearson claimed that he failed to get in touch with some of the parties until after the prosecution had begun. Upon the beginning of the prosecution, there was some conflict of evidence, some of the testimony indicating that it began on the afternoon of the day upon which the alleged offense was committed and some indicating that it began on the following morning. The assault was made in the day time. The assailants were unmasked and known to the parties who were assaulted.

Both appellant and Pearson testified that in their efforts to ascertain the owners of the money which did not belong to the appellants, they invoked the aid of a witness by the name of Bill Comeskey. It was expected to be shown that after talking with Pearson and the appellant, the witness went to Davis, one of the alleged injured parties named in the indictment and a material witness for the state, and had a conversation with him. An offer was made to prove by Comeskey that he had gone to Davis at the request of the appellant in order to return to Davis any money of which he might have been deprived. An offer was also made to prove by Comesky that on the same day that the offense was alleged to have taken place, he was requested by Pearson to see Davis and learn if he had used fraudulent dice and to ascertain from him whether more money had been taken from him than he had been given by the appellants; that the witness went to Davis for the purpose mentioned and talked to him. It also appeared that Pearson requested Comeskey to see Davis, who was in the game, and tell that if any money had been taken from him which he felt that Pearson and Cole were not entitled to, that Pearson would return it; that Cole had obtained only the amount of his loss and that the excess was in possession of Pearson; and that Pearson and Cole wanted only the money out of which they had been cheated.

Objection was also sustained to the proffered testimony of Pearson to the effect that he requested Comeskey to see the other persons from whom money had been taken with a view to restore

the loss; that this occurred upon the day that the offense was charged to have been committed.

We are of the opinion that the testimony embraced in the bills mentioned was material upon the issue of intent. The assault in which both the appellant and Pearson participated was established beyond dispute. Whether they acted with a fraudulent intent in acquiring the money which did not belong to them or whether moved alone by the desire to recover the money which had been stolen from them was a crucial issue for the decision of the jury. The fact that the amount of money in their possession was somewhat in excess of their losses was probably made use of by the state upon the issue of intent. Their acts and declarations immediately after the discovery and their efforts to restore it are regarded as proper matters of evidence; and in rejecting the testimony the learned trial judge was in error.

The State's Attorney made arguments which are made the subject of complaint. In one of these he said:

"Look in his face, gentlemen of the jury, and if you do not find in there the kind of man he is I lost my guess; if you do not see in his face that he is the kind of man that would do a thing of this sort. I think he ought to be sent to the penitentiary in this case. I judge Ollie Cole led John Pearson into this trouble."

It appears that an exception was reserved to this argument and to the failure of the court to tell the jury to disregard it. An expression of opinion of guilt, while improper, is not generally regarded as a proper basis for reversal. In the present case, however, the argument goes further than to express an opinion of the guilt of Cole but is accompanied by an opinion comparing Cole with Pearson.

In another bill of exceptions complaint is made of the following argument of the State's Attorney:

"As for Ollie Cole, I have no sympathy. He has not a good face. God Almighty has stamped in his face what he is; time, and what he has been in this life, are written there in lines that will never be erased."

It appears that an exception was also reserved to this argument and to the failure of the court to instruct the jury to disregard it.

So far as shown by the record, the acts of Pearson and the appellant were identical, and in the explanation of conduct the same testimony was adduced. Something impressed the jury so that upon the facts which resulted in the appellant's conviction, Pearson was acquitted. To what extent the argument mentioned

contributed to the conviction of the appellant is not ascertainable. The impropriety of the argument, however, is not debatable under the authorities. See Pierson v. State, 18 Tex. Crim. App. 563, and cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 365.

The motion for rehearing is granted, the order of affirmance is set aside, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*