501 A.2d 111

**Robert Lewis CAMPBELL and Miriam Theresa Campbell**

v.

**STATE of Maryland.**

**No. 350, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Dec. 10, 1985.

Certiorari Denied March 10, 1986.

500

502

Michael R. Braudes, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellants.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, John L. Scarborough, State's Atty. for Cecil County and Thomas L. Kemp, Asst. State's Atty. for Cecil County, on brief, Elkton), for appellee.

Submitted before WILNER, ROSALYN B. BELL, and KARWACKI, JJ.

ROSALYN B. BELL, Judge.

■ Robert Lewis Campbell and Miriam Theresa Campbell were convicted by a jury in the Circuit Court for Cecil County of child abuse and assault and battery.[1] Robert L. Campbell was committed to the custody of the Division of Correction for twelve years for the child abuse conviction and twelve years concurrent for an assault and battery conviction. Miriam T. Campbell was sentenced to three years for the conviction of child abuse and three years concurrent for an assault and battery conviction. On appeal appellants contend that:

1. The court erred in permitting improper closing argument by the prosecutor;

2. The court erred in admitting into evidence extrajudicial statements by them;

3. The court erred in excluding evidence that appellant Robert Campbell caught the complaining witness with marijuana in her room;

4. The court erred in excluding documentary evidence offered by them; and

---

1. There is no crime in Maryland termed assault and battery. *Woods v. State*, 14 Md.App. 627, 288 A.2d 215, *cert. denied*, 266 Md. 745 (1972). A battery is a completed assault and where completed, the use of the word "assault" is superfluous. *Id;* Gilbert and Moylan, *Maryland Criminal Law: Practice and Procedure* § 3.2 (1983). In the case *sub judice,* although appellants were convicted of assault and battery, clearly they were sentenced for the battery convictions only.

5. They are entitled to merger of their assault and battery convictions into their child abuse convictions.

The jury found the slightly retarded, psychotic teenage victim was neglected and abused, as well as assaulted and beaten, by her father and stepmother, Robert and Miriam Campbell.

### I. Prosecutorial Misconduct At Closing Argument

Appellants suggest that the court committed reversible error in refusing "to remedy the prosecutor's highly improper remarks...." We do not agree.

During closing argument, the following colloquy occurred:

"[ASSISTANT STATE'S ATTORNEY]: And the last thing, ladies and gentlemen, imagine for a moment that someone has said something about [sic] that's not true. Just imagine that for a moment. Put yourself in that place. What's your reaction? Is your reaction to hang your head and cry, or is your reaction to stand up and say, 'That's not true?' It's interesting to me to note that while Mrs. Campbell has been here in this Courtroom for four days, she's sat in that corner with her head buried in her hand crying, crying every day, every single day. Is that a normal response? I ask you. Imagine that's you. [APPELLANT'S TRIAL COUNSEL]: I object. Is this the State's case against the Campbells, that she's crying? THE COURT: He can make mention of it. [APPELLANT'S TRIAL COUNSEL]: It's been a very [sic] hardship on the woman, Your Honor. THE COURT: Let's cut out the speeches. He's just commenting on it. [ASSISTANT STATE'S ATTORNEY]: I submit to you her reaction is because in her heart she knows it's true. She knows it's true."

Appellants take issue with these remarks.

### - Impropriety -

Wide latitude is given counsel in closing argument, *Samson v. State*, 27 Md.App. 326, 341 A.2d 817 (1975), and

unless the jury was misled or influenced to the prejudice of the accused, the remarks will not justify reversal. *Couser v. State,* 36 Md.App. 485, 374 A.2d 399 (1977), *aff'd.* 282 Md. 125, 383 A.2d 389 (1978).

Generally, it has been held improper to remark on the personal appearance of an accused, except where identity is in issue or where the remark is with respect to the accused's appearance while testifying. 23A C.J.S. *Criminal Law* § 1102 (1961). The circumstances and the nature and language of the comment, however, may render the remark an exception to the general rule. *Id.*

■ In the case before us, the identity of appellants was not questioned. While both appellants took the stand, the contested remarks were addressed solely to appellant Miriam Campbell. Even if we were to find the comments constituted error, they did not affect appellant Robert Campbell's right to a fair trial. Accordingly, he is not entitled to a reversal.

■ With respect to appellant Miriam Campbell, we hold that while the State's comments were inappropriate, they were not so improper as to mandate reversal. When this appellant testified in her own behalf, she placed her credibility in issue. It was thus proper for the State to posit before the jury any plausible inferences derived from her presence on the stand, including evidence of demeanor.

Appellants refer us to numerous decisions in other jurisdictions where courts have ruled on the impropriety of counsel's remarks in closing argument. *See People v. Peete,* 54 Cal.App. 333, 202 P. 51 (1921); *Reed v. State,* 197 So.2d 811 (Miss.1967); *Brush v. Laurendine,* 168 Miss. 7, 150 So. 818 (1933); *Bestor v. State,* 209 Ala. 693, 96 So. 899 (1923); *State v. Murdock,* 183 N.C. 779, 111 S.E. 610 (1922); *Downie v. Burke,* 408 F.2d 343 (7th Cir.1969), *cert. denied,* 395 U.S. 940, 89 S.Ct. 2011, 23 L.Ed.2d 468 (1969); *State v. Ferrone,* 97 Conn. 258, 116 A. 336 (1922); *Cole v. State,* 104 Tex.Cr.R. 533, 286 S.W. 204 (1926).

Not only are we not bound by the decisions in those jurisdictions, but we find these cases inapposite to this matter. The challenged comments in those cases either improperly made reference to the accused's failure to testify (*see Reed v. State, supra; People v. Peete, supra, Bestor v. State, supra, State v. Murdock, supra, State v. Ferrone, supra* ), or were flagrantly abusive personal insults going to the accused's physical qualities rather than credibility. (*See Cole v. State, supra* (improper argument to jury that the defendant "has not a good face. God Almighty has stamped in his face what he is; time, and what he has been in his life, are written there in lines that will never be erased."); *see State v. Murdock, supra* (improper for counsel to address the jury that "I do not know where I have seen a more typical blockader. [manufacturer of stilled liquor] Look at him, his red nose, his red face, his red hair and moustache. They are the sure signs."); *see Brush v. Laurendine, supra* (after objection sustained, counsel's repeated characterization of opposing witness as "sleek, fat, pompous Dr. Blount . . . you saw how he strutted" might be error but issue not preserved.); *see Downie v. Burke, supra* (prosecutor's final summation to jury referring to defendant as a "big ape" and "gorilla" was a slight error not affecting overall constitutional fairness of trial.)

■ The comments in this case addressed the personal behavior of an accused who took the stand rather than any physical characteristics over which she had no control. Reference to the former may be inappropriate, while reference to the latter is clearly improper. 23A C.J.S. *Criminal Law, supra.* The court did not err in permitting this line of argument before the jury.

### - Prejudice -

■ Assuming, *arguendo*, we deem the remarks improper, it is evident that appellant failed to demonstrate that she was unfairly prejudiced by the challenged comments. *Couser v. State, supra.* The aforequoted colloquy occurred in open court in the presence of the jury. Appellant's

counsel, after objection, pointed out to the court not only his position that her crying was irrelevant to the issues in the case, but drew for the jury the equally plausible inference that her tears were a result of the hardship of the trial. In light of the foregoing, no prejudice was shown.

## II. Admissibility of Extrajudicial Statements

Appellants contend that the court erred in permitting Dora Temple to testify as a rebuttal witness for the State. At trial, Temple was called by the State. Before she took the stand, however, the court determined that Temple, a social worker who questioned appellants at the State Police Barracks regarding the victim's allegations, would not be permitted to testify in the State's case-in-chief about incriminating statements made to her by appellants. The court ruled that because no *Miranda* warnings were given to appellants prior to questioning, and because their statements were not given to the defense prior to trial under a discovery request, Temple's testimony could be used only for impeachment purposes. The State subsequently called Temple as a rebuttal witness. Over objection, the court allowed Temple to testify regarding appellants' inculpatory statements.

Appellants now contend that the court erred in allowing this testimony. They mount a two-fold argument. First, they argue that the evidence was improper rebuttal. Second, they argue that the statements were admitted in violation of the discovery rules. Appellants' contentions are without merit.

### - Rebuttal -

Temple's testimony was proper rebuttal testimony. What constitutes rebuttal testimony lies within the sound discretion of the trial court and that ruling should be reversed only where it is shown to be "both manifestly wrong and substantially injurious." *Huffington v. State,* 295 Md. 1, 452 A.2d 1211 (1982). Evidence which explains, or is in direct reply, or is a contradiction of matters brought

into the case by the defense is rebuttal evidence. *State v. Hepple*, 279 Md. 265, 368 A.2d 445 (1977).

 The victim testified that back rubbing was the prelude to her sexual molestation. Appellant Miriam Campbell retorted on direct examination that her stepdaughter had not rubbed appellant Robert Campbell's back. On rebuttal, Temple related that appellant Miriam Campbell had stated the girl told her that she had rubbed her father's back. Temple, in rebutting the father's denial that his daughter had rubbed his back, recounted that appellant Robert Campbell said that the child rubbed his back when his wife was not home. This evidence was in direct contradiction to appellants' version of the facts and tended to impeach their credibility. The statements were properly admitted.

### - Discovery -

 The use of Temple's testimony on rebuttal did not violate the discovery rules. The court had earlier ruled that because the State had violated the rule relating to release of statements by defendants, it would impose the sanction of suppressing appellants' extrajudicial statements in the State's case-in-chief. This sanction was within the trial court's discretion under Rule 4–263(i). The statements by Temple were not introduced as substantive evidence. Instead, they were introduced solely for impeachment. There was no violation of the discovery rules.

### III. Exclusion of Evidence

 Appellants contend that the court erred in excluding evidence that appellant Robert Campbell caught the victim with marijuana in her room. In order for evidence to be admissible, it must be relevant. It is relevant if it tends to establish or disprove a material fact. *Leeson v. State*, 293 Md. 425, 445 A.2d 21 (1982), citing *Dorsey v. State*, 276 Md. 638, 350 A.2d 665 (1976). The court held that the proffered evidence had virtually nothing to do with the charges

brought in this case or the credibility of the prosecuting witness. We agree.

■ Whether the prosecuting witness had marijuana in her bedroom in 1983 did not tend to prove or disprove whether she was lying when she testified that her father had in fact molested her. This evidence was also irrelevant to the determination of whether she was truthful when she stated appellant Miriam Campbell had pulled her hair or punched her in the eye in February of 1984, or whether this incident actually occurred. Moreover, as the court noted, even if the substance found was marijuana, there was no showing that the victim had smoked it or that it had affected her behavior in any way. We hold there was no error.

## IV. Exclusion of Exhibits

As the next allegation of error, appellants point to the court's refusal to admit three of their exhibits. These exhibits were reports prepared by professionals at the John F. Kennedy Institute in connection with a psychological examination of the victim.

Exhibit 6 was an outpatient evaluation which stated that both appellants were concerned about the victim. For this reason, they argue it should have been admitted. Exhibit 7 consisted of a social worker's intake assessment of the victim. Appellants sought its introduction because it concluded that appellant Robert Campbell was "a concerned and loving parent" seeking help for his child. Exhibit 8 was a follow-up note made at the Institute indicating the educational improvement of the teenager. Appellants assert this document should have been admitted because it tended to contradict the State's theory that the girl was abused for improving in school and making new friends.

■ Although the court did admit some of the records made at the Institute, it determined that the relevance of these three records had not been established and accordingly excluded them. The court did not abuse its discretion.

As we previously stated, to be admissible the offered evidence must be relevant; to be relevant, it must have a natural tendency to establish the facts at issue. *Leeson, supra; Dorsey, supra.* None of these exhibits served to refute the charges in this case or to impeach the credibility of the complaining witness. Moreover, the court had previously noted that every document from the Institute would not be admitted because the defense already had "ample impeachment" through previously admitted documentary evidence from other institutions. We perceive no error.

## V. Merger

### - Review of Impermissible Sentence -

Finally, appellants maintain that the court erred in failing to merge their convictions of assault and battery [2] into their child abuse convictions.

The State suggests that appellants have failed to preserve this issue for our review. Neither appellant objected to the sentences at their disposition hearings.

The Court of Appeals recently held in *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949 (1985), that "when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court." The Court relied on the provisions of Rule 4–345(a), allowing an illegal sentence to be corrected at any time, and the fact that a defendant could have an impermissible sentence set aside, regardless of objection at trial, on post-conviction review. The question for us is whether the failure to merge two offenses for sentencing purposes where the sentences are imposed concurrently, may result in a sentence "not permitted by law." We hold that it does.

We considered this same issue of merger at sentencing in *Rose v. State,* 37 Md.App. 388, 377 A.2d 588, *cert. denied,*

---

2. See footnote 1 for an explanation concerning the merger of the assault conviction into the battery conviction.

281 Md. 743 (1977), and held it proper to refuse to decide the question where concurrent sentences, as opposed to consecutive, were imposed if the issue was not raised at trial. In light of the *Walczak* decision, and our conclusion that the imposition of concurrent sentences for offenses subject to merger may result in an impermissible sentence, we overrule our prior holding in *Rose v. State, supra.*

We find the rationale of *Walczak, supra,* equally applicable to the situation here—namely, the mandates of Rule 4–345(a) and the remedy of post-conviction relief. Moreover, although a pragmatic approach would dictate that a review of concurrent sentences may be futile because the period of the imposed incarceration would remain the same even after merger was employed, the mere fact of an additional sentence imposed could have some impact on a prisoner's chance of earlier release and parole.[3] Where concurrent sentences are imposed for two or more convictions which may merge under the doctrine of merger, a reviewing court can examine those sentences at any time, even where no objection to the disposition was lodged in the trial court.

### - Required Evidence Test -

In *Veney v. State,* 227 Md. 608, 177 A.2d 883 (1962), the Court of Appeals abandoned the common law doctrine of merger and forged a more modern concept of merger based upon double jeopardy principles. *Id.* at 611–12, 177 A.2d 883. Under this concept, the test for determining whether two criminal offenses arising from the same act or transaction are to be treated as one is the "required evidence test" set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under this test,

---

**3.** *See* Maryland Parole Commission Policy 2–1, VII A.2 which provides that in making a determination of whether to grant parole the Parole Commission will consider "... If the sentence reflects multiple convictions resulting from the same incident...." when it reviews the circumstances of the offense or offenses.

where "the same act or transaction [4] constitutes a violation of two distinct statutory provisions,[5] the test to be applied to determine whether there are two offenses or only one, is whether each [crime] requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. If, however, only one has a distinctive element, they are deemed to be the "same offense" under the required evidence test. *Whack v. State,* 288 Md. 137, 142, 416 A.2d 265 (1980). This standard has generally been applied to decide the permissibility of multiple punishments as a matter of Maryland merger law. *Id.*

Applying this standard, we hold that the offenses of child abuse and battery do not merge. Each crime has a required element which the other does not. They are clearly not the "same offense."

Common law battery requires a completed application of force upon the person of the victim, *Anderson v. State,* 61 Md.App. 436, 487 A.2d 294 (1985), while child abuse does not. *See State v. Fabritz,* 276 Md. 416, 348 A.2d 275 (1975) (child abuse statute does not require that physical injury result from a physical assault upon child; injury can result from course of cruel or inhumane conduct, such as failure to seek medical assistance after child severely beaten by another). Child abuse requires an intent to maliciously or cruelly inflict physical injury, *Walker v. State,* 53 Md.App. 171, 452 A.2d 1234 (1982), *cert. denied,*

---

4. It is impossible from the counts in the indictment, the particulars, the instructions and the record in general for us to determine whether the alleged assaults and batteries constituted the exact same abusive acts charged against each appellant. In any event, we need not decide whether a series of repetitive conduct amounts to a "single transaction" under the required evidence test because we hold the test is inapplicable for reasons discussed *infra.*

5. Simple assault and battery remain common law offenses, but the required evidence test has been applied where one conviction was a statutory offense and the second was a common law offense. *See Walker v. State,* 53 Md.App. 171, 452 A.2d 1234 (1982), *cert. denied,* 296 Md. 63 (1983).

296 Md. 63 (1983); common law battery does not. *Wharton's Criminal Law*, § 177 (C.E. Torcia, ed. 1979); *Ott v. State*, 11 Md.App. 259, 265, 273 A.2d 630, *cert. denied*, 262 Md. 748 (1971). The double jeopardy clause does not protect against multiple punishment for different offenses but only against multiple punishment for the "same offense." That is not the situation here. The concurrent sentences imposed for both common law battery and child abuse were proper.[6]

JUDGMENTS AFFIRMED.
COSTS TO BE PAID BY APPELLANTS.

---

**6.** The inquiry would not always end here. In *Brooks v. State*, 284 Md. 416, 397 A.2d 596 (1979), the Court of Appeals pointed out that even though offenses may be separate under the required evidence test, courts may find as a matter of legislative intent that two separate crimes arising out of a single act were not intended to be punished separately. Since appellants did not argue the rule of lenity, we need not address it here.