30 A.3d 236

**Adrian A. BRITTON**

v.

**STATE of Maryland.**

**No. 2645, Sept. Term, 2009.**

Court of Special Appeals of Maryland.

Oct. 27, 2011.

Geraldine K. Sweeney (Paul B. DeWolfe, Public Defender, on the brief), Baltimore, MD, for appellant.

James E. Williams (Douglas F. Gansler, Atty. Gen., on the brief), Baltimore, MD, for appellee.

Panel: KRAUSER, C.J., GRAEFF, and JAMES A. KENNEY, III (Retired, Specially Assigned), JJ.

KRAUSER, C.J.

Adrian Antonio Britton, appellant, pleaded guilty in the Circuit Court for Montgomery County to one count of resisting arrest and two counts of second-degree assault for assaulting two different police officers: Officer Kenneth Moreau and Officer Harley Schwarz. He was thereafter sentenced to the following consecutive terms of imprisonment: two years for assaulting Officer Moreau, eighteen months for assaulting Officer Schwarz, and eighteen months for resisting arrest.

After his appeal was dismissed, as improper, appellant filed a motion to correct an illegal sentence, asking the circuit court to merge, for sentencing purposes, his convictions for assault into his conviction for resisting arrest. When the circuit court denied that motion, he noted this appeal. Finding no error by the court below, we affirm.

### Plea Hearing

At appellant's guilty plea hearing, the State proffered that, on January 22, 2008, Officer A. Siegelbaum [1] observed appellant's car approach a red light "at a high rate of speed," "swerve[ ] around" another vehicle, and then race through the red light. After pulling appellant over, the officer got out of his patrol car and walked towards appellant's vehicle. As the officer approached appellant's car, appellant backed his vehicle towards the officer, "trying," in the words of the circuit court, "to run [the officer] over." After a passenger in appellant's

---

1. Officer Siegelbaum's full first name was not divulged at the plea hearing and does not appear elsewhere in the record or briefs.

car jumped out, declaring that he did not "want to be any part of this," appellant "took off at a high rate of speed," followed by the officer in his patrol car.

During the ensuing chase, appellant drove at nearly double the posted speed limit, "erratically crossing the double yellow divider" and "driving on the shoulder" and on unpaved portions of the road. Officer Moreau, responding to a radio broadcast from Officer Siegelbaum, positioned his vehicle near an intersection, but on the side of the road. Appellant drove off the roadway and rammed Moreau's car, striking it "broadside in the rear passenger door" and causing it to spin "about 180 degrees" into the intersection. As a result of the collision, Officer Moreau suffered "soft tissue damage" and "neck and back trauma."

Appellant's vehicle then crashed through a residential front yard, struck down a neighborhood-watch sign, "went through several shrubs, and ultimately struck two trees," where it "became wedged" and "caught fire." At that point, appellant "jumped out of the car and fled on foot" into the backyard of that residence.

Officer Siegelbaum pursued appellant on foot, at one point tasering him, but to no apparent effect, as appellant continued his flight. When Officers Siegelbaum and Moreau, joined by Officer Schwarz and Sergeant Fergus Sugrue, were finally able to grab appellant, he "violently resisted," "punching and kicking the officers." Though tasered two more times, appellant continued to struggle.

During the melee, appellant hit Officer Schwarz in the right eye, causing bruising and swelling. For that injury, the officer was later treated at the Germantown Emergency Center. Appellant also injured Sergeant Sugrue's left shoulder and Officer Siegelbaum's hand, for which Siegelbaum was transported from the scene to the Germantown Emergency Center.[2] Eventually, the officers were able to subdue appel-

---

2. At sentencing, the State provided additional information as to the injuries sustained by the officers in the struggle. Officer Siegelbaum

lant.[3]

Appellant was charged with one count of resisting arrest and four counts of assault, one for each of the four officers he had struck or kicked or both. He was also charged with four counts of fleeing and eluding police and one count of attempting to disarm a police officer. After the State reduced the assault count relating to Officer Moreau from first to second degree, appellant pleaded guilty to that assault, as well as to second-degree assault as to Officer Schwarz,[4] and resisting arrest. The State then entered a *nolle prosequi* as to each of the remaining counts.

### Sentencing

After appellant pleaded guilty, the court imposed three consecutive sentences for the two second-degree assault convictions and resisting arrest. At the sentencing hearing, appellant's counsel requested that the assault conviction relating to Officer Schwarz be merged into the resisting arrest conviction on the ground that the assault occurred during the course of resisting arrest. The court denied that request, ruling that the two charges involved separate actions: "I think based upon the factual predicate there is evidence supporting the resisting arrest different from the evidence supporting the second[-]degree assault."

---

"received injuries to his hand which required a cast" and forced him to take disability leave. Officer Moreau "had neck and back injuries." Officer Schwarz, in addition to being "punched in the face," received "an injury to [ ]his thumb and lacerations to his knee." Sergeant Sugrue "had injuries to his shoulder that he had to go into rehabilitation for."

3. The State further proffered that appellant's blood screens came back "presumptive[ly] positive for cocaine and marijuana" and that his passenger informed police that appellant had ingested hallucinogenic mushrooms earlier that evening.

4. The assault convictions were for violations of Maryland Code (2002, 2007 Supp.), § 3–203(c) of the Criminal Law Article, second-degree assault against a law enforcement officer.

Appellant noted an appeal from his conviction. Because appellate review of a guilty plea may only be obtained by an application for leave to appeal and because appellant's notice of appeal lacked sufficient content to be deemed the substantive equivalent of an application for leave to appeal, this Court dismissed his appeal. *See* Md.Code (1973, 2006 Repl. Vol.), § 12–302(e) of the Courts & Judicial Proceedings Article ("Section 12–301 of this subtitle does not permit an appeal from a final judgment entered following a plea of guilty in a circuit court. Review of such a judgment shall be sought by application for leave to appeal.").

Appellant subsequently filed a motion to correct an illegal sentence under Maryland Rule 4–345(a), which provides that "[t]he court may correct an illegal sentence at any time." He requested that his two assault convictions be merged into his resisting arrest convictions for sentencing purposes.[5] When the circuit court denied appellant's motion, he noted this appeal.

## Motion to Dismiss

■ Moving to dismiss the instant appeal, the State asserts that the circuit court's failure to merge appellant's convictions for sentencing purposes does not render his sentence "illegal" under Rule 4–345(a), as the illegality, if there was one, did not inhere in the court's sentence. And, because the sentence was not illegal under Rule 4–345(a), reasons the State, the circuit court properly denied appellant's collateral attack on his sen-

---

5. Although appellant concluded his written motion by requesting only that the circuit court "merge Count 3[, which charged second-degree assault on Officer Schwarz,] into Count 5," which charged resisting arrest, he stated in his motion that his assault convictions involving both Officers Moreau and Schwarz should be merged, for sentencing purposes, into his resisting arrest convictions. Specifically, he stated that the circuit court's factual findings "not only support[ ] the merger of the assault on Officer Schwartz [sic] into the resisting arrest charge, but also the merger of Count 1, charging assault on Officer Moreau." Thus, it appears, and the State does not contend otherwise, that the issue of the merger of both assaults was raised below.

tence. Therefore, we must, insists the State, dismiss this appeal.

As the Court of Appeals has explained, "[a] criminal sentence may be deficient and subject to being vacated on appeal for a variety of reasons," but only a small subset of those deficiencies render a sentence "illegal" for the purposes of collateral attack under Rule 4–345(a). *Chaney v. State,* 397 Md. 460, 466, 918 A.2d 506 (2007). Collateral review under Rule 4–345(a) is "limited to those situations in which the illegality inheres in the sentence itself; *i.e.,* there either has been no conviction warranting any sentence for the particular offense or the sentence is not a permitted one for the conviction upon which it was imposed and, for either reason, is intrinsically and substantively unlawful." *Id.* Only if that definition of illegality is met will a court consider a "collateral and belated attack[ ]" on a sentence under Rule 4–345(a). *Id.*

It appears that we have not before addressed whether the failure to merge, for sentencing purposes, convictions for different crimes in a single prosecution, results in an illegality that "inheres in the sentence itself" and, consequently, may be addressed in a Rule 4–345(a) motion, rather than on direct appeal. Our appellate courts have, however, considered similar kinds of claims in *Randall Book Corp. v. State,* 316 Md. 315, 558 A.2d 715 (1989); *Campbell v. State,* 65 Md.App. 498, 501 A.2d 111 (1985); and *Ingram v. State,* 179 Md.App. 485, 947 A.2d 74 (2008).

In *Randall,* the defendant, a corporate entity, was convicted, after a trial, of multiple counts of displaying obscene materials and received a separate fine for each conviction. 316 Md. at 318–19, 558 A.2d 715. After "exhaust[ing] all avenues of direct appeal," the defendant collaterally attacked those fines in a motion to correct an illegal sentence that was filed, as in the instant case, pursuant to Rule 4–345(a). Because *Randall* involved the imposition of multiple sentences for the violation of a single statute, the challenge was couched in terms of double jeopardy, not of merger. But both types of claims involve, what the Court of Appeals called, "multiple

punishment-same trial problems," and the Court's analysis of those problems, as we shall see, sheds light on the merger issue in the instant case. *See Randall,* 316 Md. at 324, 558 A.2d 715.

In its motion to correct an illegal sentence, Randall alleged that the imposition of separate sentences for multiple violations of a single criminal statute "violate[d] the Double Jeopardy Clause of the Fifth Amendment because multiple sentences were imposed for the same offense." *Id.* at 322, 558 A.2d 715. The State contended that, although such a challenge could have been made on direct appeal, the sentences were not "illegal" under Rule 4–345(a) because each was "within the allowable statutory penalty for the offense" and, therefore, that the challenge could not be made in a collateral attack under that rule. *Id.* at 321, 558 A.2d 715. The Court of Appeals disagreed, holding that the argument that "multiple sentences were imposed for the same offense d[id] allege an illegal sentence within the meaning of Rule 4–345." *Id.* at 322, 558 A.2d 715.

In so holding, the *Randall* Court noted that "multiple punishment-same trial problems arise from two different sets of circumstances: those involving two separate statutes embracing the same criminal conduct and those involving a single statute creating multiple units of prosecution for conduct occurring as a part of the same criminal transaction." *Id.* at 324, 558 A.2d 715. While *Randall* involved the second set of circumstances, the "multiple sentence-single statute problem[ ]," the instant case involves the first: the imposition of multiple sentences under two different criminal statutes—specifically, Maryland Code (2002, 2007 Supp.), § 9–408(b) of the Criminal Law Article, which proscribes resisting arrest, and § 3–203(c) of the same article, which proscribes second-degree assault against a law enforcement officer. The alleged error in both cases, however, is the same: multiple punishments were imposed for what was asserted to be the "same offense." Hence, there is no reason not to reach the same conclusion, here, that the Court of Appeals did in *Randall,*

namely, that a challenge to such sentences may be made collaterally under Rule 4–345(a).

We made a similar observation in *Campbell*. In that case, we said that separate sentences, whether concurrent or consecutive, imposed for convictions that should have been merged were "not permitted by law." *Campbell*, 65 Md.App. at 510, 501 A.2d 111. Although *Campbell* was decided on direct appeal, and not on collateral review under Rule 4–345(a), we cited, in reaching our conclusion, "the mandates of Rule 4–345(a)" and the fact that "an impermissible sentence" could be set aside on post-conviction review. *Id.* at 510–11, 501 A.2d 111.

Finally, we turn to *Ingram*, but only for the distinction it drew in reaching a contrary result. In that case, we distinguished *Randall* and emphasized that there are certain double jeopardy violations that do not implicate Rule 4–345(a). *Ingram*, 179 Md.App. at 509, 947 A.2d 74. But our analysis in that case, which involved multiple punishments in *successive* prosecutions, demonstrates why appellant's contention, which involves multiple punishments in a *single* prosecution, is different. In *Ingram*, we held that a challenge to a sentence imposed after a second trial, that "should have been barred by the legal protections against double jeopardy," did not allege an "illegal sentence" under Rule 4–345(a). *Id.* In so holding, we noted that, although it appeared that the circuit court should have granted the defendant's motion to dismiss a subsequent indictment after a prior conviction for the same conduct, a challenge to the sentence imposed after the second trial did not allege an error that inhered in the sentence itself. *Id.* at 511, 947 A.2d 74 (citing *Chaney*, 397 Md. at 466–67, 918 A.2d 506). In contrast to *Randall* and *Campbell*, the error in *Ingram* occurred prior to sentencing, not at it. Thus, the error, in *Ingram*, "relate[d] only indirectly to the sentence." *Id.* at 509, 947 A.2d 74.

Hence, when the trial court is required to merge convictions for sentencing purposes but, instead, imposes a separate sentence for each unmerged conviction, it commits

reversible error. As in *Randall,* such an error implicates the illegality of imposing "multiple sentences ... [in a single prosecution] for the same offense." *See Randall,* 316 Md. at 322–23, 558 A.2d 715. As in *Campbell,* the result is the imposition of a sentence "not permitted by law." *See Campbell,* 65 Md.App. at 510, 501 A.2d 111. And, unlike in *Ingram,* the alleged error "relates ... [ ]directly to the sentence." *Cf. Ingram,* 179 Md.App. at 509, 947 A.2d 74. Thus, the illegality, in the words of the *Chaney* Court, "inheres in the sentence itself" and may be challenged, collaterally, in a motion filed under Rule 4–345(a). Consequently, we shall deny the State's motion to dismiss.

### Merger

Appellant claims that his convictions for assaulting Officer Schwarz and Officer Moreau should have been merged, for sentencing purposes, into his conviction for resisting arrest because "the assaults were committed ... as part of [his] resisting arrest." The Court of Appeals has explained that, "[w]here two offenses are based on the same act or acts, and the two offenses are deemed to be the same under the required evidence test, merger follows as a matter of course," unless "the legislative intent to authorize the imposition of cumulative sentences is clear." *Williams v. State,* 323 Md. 312, 318, 593 A.2d 671 (1991) (citing *Frazier v. State,* 318 Md. 597, 614–15, 569 A.2d 684 (1990)). The required evidence test focuses on the elements of each crime:

> If each offense requires proof of a fact which the other does not, the offenses are not the same and do not merge. However, if only one offense requires proof of a fact which the other does not, the offenses are deemed the same, and separate sentences for each offense are prohibited.

*Dixon v. State,* 364 Md. 209, 237, 772 A.2d 283 (2001) (citations omitted).

Appellant was convicted of assaulting Officers Schwarz and Moreau. To explain why those convictions do not merge, for sentencing purposes, into the conviction for resisting arrest,

we begin with a brief discussion as to the development of the offense of assault in Maryland. The common-law crime of assault was codified by the General Assembly in Article 27, §§ 12A, 12A–1 of the Maryland Code (1996), which have since been replaced by Maryland Code (2002), §§ 3–202, 3–203 of the Criminal Law Article. With respect to second-degree assault, § 12A simply stated that "[a] person may not commit an assault." "Assault," as defined by § 12, meant "the offenses of assault, battery, and assault and battery, which terms retain their judicially determined meanings."

The definition of second-degree assault did not change when, in 2002, Article 27, § 12A was recodified as § 3–203 of the Criminal Law Article. Three years later, however, in 2005, the General Assembly made a substantive change to the law of assault by creating, in subsection (c), a new and more serious form of second-degree assault. Subsection 3–203(c) now provides that "[a] person may not intentionally cause physical injury to another if the person knows or has reason to know that the other is ... a law enforcement officer engaged in the performance of the officer's official duties." [6]

Unlike second-degree assault under § 3–203(a), which is a misdemeanor, second-degree assault on a law enforcement officer under § 3–203(c) is a felony. It also contains four additional elements: first, the assault must be on a law enforcement officer; second, the officer who is assaulted must actually receive a physical injury, which is defined by § 3–203(c)(1) as "any impairment of physical condition, excluding minor injuries"; third, the defendant must intend to cause the officer's physical injury; and fourth, the defendant must know or have reason to know that the victim is a law enforcement officer engaged in the performance of his official duties. Thus, when appellant was convicted of having assaulted Officers Schwarz and Moreau in the second degree, under § 3–203(c), the State was required to prove those four elements,

---

**6.** As originally enacted, § 3–203(c) applied only when the victim was a "law enforcement officer." In 2010, it was amended to include "parole or probation agent[s]" within its protections.

the last three of which are clearly not components of resisting arrest.

Resisting arrest, like assault, was a common-law offense before it was codified, in 2004, in the Criminal Law Article. Because § 9–408(b)(1), under which appellant was prosecuted, states only that "[a] person may not intentionally ... resist a lawful arrest," we turn to the Maryland Criminal Pattern Jury Instructions. The relevant instruction, Instruction 4:27.1, states that, to convict a defendant of resisting a warrantless arrest, the State must prove "that a law enforcement officer attempted to arrest the defendant; that the defendant knew that a law enforcement officer was attempting to arrest him [or] her; that the officer had reasonable grounds to believe that the defendant was committing [or] had committed [a] crime; and that the defendant refused to submit to the arrest and resisted the arrest by force." (Brackets and internal numbering omitted.) No injury is required.

Thus, unlike a conviction for resisting arrest under § 9–408(b), a conviction for second-degree assault under § 3–203(c) requires proof that appellant caused physical injury to the officer and that he did so intentionally. Moreover, unlike a conviction under § 3–203(c), a conviction under § 9–408(b) requires proof that the officers were trying to arrest appellant, that appellant knew that the officers were trying to arrest him, and that the officers had reasonable grounds to believe that the arrest was valid. Consequently, the offenses are not the same under the required evidence test, and, contrary to appellant's contention, merger under that test is not required.

Although appellant points out that, in *Cooper v. State*, 128 Md.App. 257, 737 A.2d 613 (1999), and *Grant v. State*, 141 Md.App. 517, 786 A.2d 34 (2001), this Court held that convictions for second-degree assault merged, under the required evidence test, into convictions for resisting arrest, those cases were decided before the General Assembly amended § 3–203 of the Criminal Law Article to include, in subsection (c), the felony second-degree assault that may be charged when the

offender intentionally causes physical injury to a person who he knows or has reason to know is a law enforcement officer. Hence, in *Cooper*, we stated that the relevant definition of assault was "the unlawful application of force to the person of another," that is, the misdemeanor second-degree assault prohibited by § 3–203(a). 128 Md.App. at 265, 737 A.2d 613. And we held that because the elements of such an assault were included in the elements of resisting arrest, the two misdemeanor offenses merged for sentencing purposes. *Id.* at 266, 737 A.2d 613. We reached the same conclusion in *Grant*, at least as to an assault that occurred after the officer attempted to arrest the defendant. 141 Md.App. at 542, 786 A.2d 34.

Because the instant case involves a felonious second-degree assault, under § 3–203(c), which has additional elements beyond those of a misdemeanor second-degree assault, under § 3–203(a), namely, that the offender intentionally caused physical injury to a person that he knew or had reason to know was a law enforcement officer engaged in the performance of his official duties, neither *Cooper* nor *Grant*, which involved misdemeanor second-degree assaults, has any applicability here. For that reason, we reject appellant's characterization of *Cooper* as "strikingly similar" to the instant case.

■ Although the foregoing discussion is sufficient to dispose of appellant's claim that his convictions should have been merged under the required evidence test, we note that there is another important factual distinction between the instant case and *Cooper*, at least with respect to the assault on Officer Moreau. In *Cooper*, after two officers approached the defendant and attempted to arrest him, he struck both officers in rapid succession before being subdued. 128 Md.App. at 263, 737 A.2d 613. That is, "the same act serve[d] as the basis for [Cooper's] convictions for assault and resisting arrest." *Id.* at 266, 737 A.2d 613.

That did not occur here, where appellant assaulted Officer Moreau with his car in an act that was completely separate from his acts of assaulting the officers with his fists and feet in

the brawl that ensued several minutes later. Moreover, it appears that the ramming of Officer Moreau's car was a gratuitous act and not part of appellant's resisting arrest, as the officer was not in active pursuit of appellant when that act occurred. Indeed, defense counsel conceded at the sentencing hearing that the offense of assaulting Officer Moreau was supported by different facts than the offense of resisting arrest:

> THE COURT: Well, I think based upon the factual predicate there is evidence supporting the resisting arrest different from the evidence supporting the second[-]degree assault.

> [DEFENSE COUNSEL]: . . . As to Officer Moreau there's no question.

Thus, unlike in *Cooper*, the offense of assaulting Officer Moreau and the offense of resisting arrest were based on distinct acts, separated by time and geography, and merger of the convictions is not required.

We also note that the Court of Appeals, in *Purnell v. State*, 375 Md. 678, 698, 827 A.2d 68 (2003), recognized, implicitly, the possibility that a defendant may be guilty of multiple assaults during the course of resisting arrest. The Court stated, there, that the "unit of prosecution" for the offense of resisting arrest is the "arrest itself," not the number of officers resisted.[7] The Court further observed that "the response to th[e] consequence [that multiple officers were injured in the course of effecting an arrest] lies with the prosecution of the resister for assault against each officer." *Id.* at 698–99, 827 A.2d 68. The Court also recognized that the offenses have different focuses, that is, "resisting arrest is . . .

---

7. *Purnell* was decided before the General Assembly codified the offense of resisting arrest and expressly provided that "[t]he unit of prosecution for a violation of this section is based on the arrest or detention regardless of the number of police officers involved in the arrest or detention." Md.Code (2002, 2007 Supp.), § 9–408(d) of the Criminal Law Article.

an offense against the State and not personally against the officers." *Id.* at 698, 827 A.2d 68.

Moreover, merging an assault conviction into a resisting arrest conviction that is based on distinct acts, as appellant asks us to do, would have troubling consequences. First, it would ignore the fact, noted by the Court of Appeals in *Purnell,* that the two crimes have different focuses. Second, it would ignore the difference in severity of the two crimes, creating the absurd result of compelling the circuit court to merge a serious felony that has a maximum sentence of ten years, into a misdemeanor that has a maximum sentence of three years and an entirely different focus. Third, it would give the resister a free pass, or, as one other state court has put it, a "volume discount" on crime. *See Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20, 22 (1994) ("Our concern ... is to avoid giving criminals a 'volume discount' on crime."), *superseded by statute on other grounds as stated in Commonwealth v. Coppedge,* 984 A.2d 562, 564 (Pa.Super.Ct.2009). Knowing that he would receive one resisting arrest conviction, and nothing more, regardless of the number of officers he assaulted, the suspect, once he had begun to resist, would be free to assault each and every officer with no additional consequences. We join at least one other state in expressing our unwillingness to encourage such a result. *See Anderson,* 650 A.2d at 22; *see also Commonwealth v. Healey,* 836 A.2d 156, 158 (2003) (quoting *Anderson* and declining to merge convictions for simple assault and resisting arrest).

We conclude that where, as here, a defendant is charged with resisting arrest and second-degree assault on a law enforcement officer, those convictions do not merge under the required evidence test. The circuit court properly denied appellant's motion to merge his convictions for sentencing purposes.

**STATE'S MOTION TO DISMISS DENIED. ORDER DENYING APPELLANT'S MOTION TO CORRECT IL-LEGAL SENTENCE AFFIRMED. COSTS TO BE PAID BY APPELLANT.**